UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Jordan Petty,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Capital City Utilities, LLC**, an Ohio limited liability company.<br><br>Defendant. | No.<br><br>Judge<br>Magistrate Judge<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Jodan Petty ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendant, Capital City Utilities, LLC (hereafter referred to as "Capital City" or "Defendant") and alleges as follows:

## PRELIMINARY STATEMENT

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.;* Ohio Minimum Fair Wage Standards Act ("OMWFSA"), O.R.C. § 4111.01, *et seq*.; Ohio Prompt Pay Act, O.R.C. § 4113.15, O.R.C. § 2307.60 and Fed. R. Civ. P. 23 for Capital City's failure to pay Plaintiff and other similarly-situated employees all earned overtime wages.

2. Plaintiff, the Collective Members and the Class Members are current and former employees of Capital City in Ohio. Plaintiff brings this action on behalf of himself and similarly-situated current and former non-exempt hourly employees who worked for Capital City in Ohio.

3. Under the FLSA and OMWFSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek. Captial City failed to pay Plaintiff, the Collective Members and the Class Members one and one-half times their regular rate of pay

for all time they spent working in excess of 40 hours in a given workweek. Plaintiff therefore brings this Class Action and Collective action Complaint pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for Capital City's violations of federal and Ohio law as detailed further below.

4. Under the FLSA and OMWFSA, "[b]ona fide meal periods are not worktime. . . [t]he employee must be completely relieved from duty for the purposes of eating regular meals. . . [t]he employee is not relieved if he is required to perform any duties, whether active or inactive, while eating." *See* 29. C.F.R. § 785.19. Capital City violated the FLSA and OMWFSA by automatically deducting a thirty-minute meal break from each and every shift Plaintiff, the Collective Members and the Class Members worked regardless of whether Plaintiff, the Collective Members and the Class Members were able to take a meal break, regardless of whether they were permitted to take a full thirty-minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within this District.

7. At all relevant times, Plaintiff has been a resident of Jamestown, Ohio and performed work for Capital City in Grove City, Ohio.

8. Capital City regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

9. Plaintiff, the Collective Members and the Class Members in their work for Capital City were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

**PARTIES**

10. At all times material to the matters alleged in this Complaint, Plaintiff was an employee of Capital City.

11. Plaintiff was employed by Capital City as a non-exempt hourly employee from approximately February 9, 2025 through approximately January 24, 2026.

12. The Collective Members are all current and former non-exempt hourly employees who worked for Capital City in Ohio at any point in the three years preceding the filing of the original Complaint.

13. The Class Members are all current and non-exempt hourly employees who worked for Capital City in the state of Ohio at any point in the three years preceding the filing of the Complaint.

14. The Class and Collective Members are non-exempt from the OMFWSA and FLSA overtime requirements.

15. At all material times, Capital City was licensed to transact business in the State of Ohio.

16. Under the OMFWSA and FLSA, Capital City is an employer. At all relevant times, Capital City had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Capital City. As a person

who acted in the interest of Capital City in relation to the company's employees, Capital City is subject to liability under the OMFWSA and FLSA.

17. At all material times, Plaintiff and the Class and Collective Members were employees of Capital City as defined by the OMFWSA and FLSA, 29 U.S.C. § 203(e)(1).

18. At all material times, Plaintiff and the Class and Collective Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

19. Plaintiff has given his written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached as "**Exhibit A**" and is attached again hereto.

## FACTUAL ALLEGATIONS

20. Plaintiff was employed by Capital City as a non-exempt hourly employee from on or about February 9, 2025, to on or about January 24, 2026.

21. At all relevant times, Plaintiff was paid by Capital City as a non-exempt employee on an hourly basis, most recently at a rate of $47.68 per hour.

22. The Collective Members are all current and former non-exempt hourly employees who worked for Capital City at any point in the three years preceding the filing of this Complaint. The Collective Members are non-exempt from the FLSA's overtime requirements.

23. The Class Members are all current and former non-exempt hourly employees who worked for Capital City in Ohio at any point in the three years preceding the filing of this Complaint. The Class Members are non-exempt from the OMFWSA's overtime requirements.

24. In his work for Capital City, Plaintiff routinely worked in excess of forty hours in a given workweek.

25. The Collective Members and the Class Members likewise routinely worked in excess of forty hours in a given workweek in their work for Capital City.

26. At all relevant times, Plaintiff, the Collective Members and the Class Members were subject to Capital City's Meal Break Policy.

27. Pursuant to Capital City's Meal Break Policy, Capital City automatically deducts a thirty-minute meal break for each and every shift worked by Plaintiff, the Collective Members and the Class Members.

28. Capital City made this automatic 30-minute deduction from Plaintiff's, the Collective Members' and the Class Members' pay regardless of whether they were actually permitted to take a meal break, regardless of whether they were permitted to take a full thirty-minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

29. The job demands of Plaintiff, the Collective Members and the Class Members routinely foreclosed their ability to take any meal break, prohibited them from taking a full thirty-minute meal break, or prohibited them being completely relieved from duty for thirty-minutes.

30. Nevertheless, Capital City automatically deducted thirty minutes from every shift worked by Plaintiff, the Collective Members and the Class Members, thereby denying them lawful overtime wages.

31. Plaintiff and Class and Collective Members are and were non-exempt employees.

32. Plaintiff and Class and Collective Members are and were paid on an hourly rate basis.

33. When they work more than forty (40) hours in a workweek, they are entitled to overtime pay.

34. As a result of Capital City's company-wide policies, Plaintiff and Class and Collective Members were not paid for all time worked each day and are owed significant unpaid wages.

35. Capital City's method of paying Plaintiff and Class and Collective Members in violation of Ohio law was willful and was not based on a good faith and reasonable belief that their conduct complied with the law. Capital City knew the requirement to pay for all time worked, but intentionally and/or recklessly chose not to do so.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

37. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as a representative of individuals similarly situated who are current or former non-exempt hourly employees employed in Ohio by Capital City.

38. Capital City subjected all of their non-exempt hourly employees, including Plaintiff and the Collective Members, to their policy and practice of failing to pay for all hours worked and improperly calculating overtime rates in violation of 29 U.S.C. § 207.

39. Plaintiff's claims stated in this Complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

40. The Collective Members perform or have performed the same or similar work as Plaintiff.

41. Capital City's failure to pay minimum wage and overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff or the Collective Members.

42. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Capital City that caused harm to all of the Collective Members.

43. As such, Plaintiff brings these FLSA claims as a collective action on behalf of the following class:

> **All of Capital City's current and former non-exempt hourly employees who worked for Capital City in Ohio at any time from three years preceding the filing of the Complaint to the present.**

44. Capital City's unlawful conduct, as described herein, is pursuant to Capital City's corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

45. Capital City is aware or should have been aware that federal law prohibited them from not paying Plaintiff and the Collective Members all overtime as detailed herein.

46. Capital City's unlawful conduct has been widespread, repeated, and consistent.

47. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

48. Upon information and belief, the individuals similarly situated to Plaintiff includes hundreds of non-exempt hourly employees currently and/or formerly employed by Capital City. Plaintiff is unable to state the precise number of similarly-situated employees because that

information is solely in Capital City's possession, custody, or control, but it can be readily ascertained from their employment records.

49. Notice can be provided to the Collective Members by First Class Mail to the last address known to Capital City, via email at the last known email address known to Capital City and by text message to the last known telephone number known to Capital City.

## OHIO RULE 23 CLASS DEFINITIONS AND ALLEGATIONS

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51. Plaintiff brings Claims for Relief for violation of Ohio wage and hour laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiff brings these claims on behalf of himself and all members of the following class comprised of:

> **Rule 23 Class**
>
> **The Class Members are all of Capital City's current and former non-exempt hourly employees who worked for Capital City, within Ohio, at any time from three years preceding the filing of the Complaint to the present.**

**Numerosity (Rule 23(a)(1)).**

52. The Class Members are so numerous that joinder of all members is impracticable. Plaintiff on information and belief alleges, that Capital City employed greater than one hundred people who satisfy the definition of the Class Members.

**a. Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

53. Common questions of law and fact exist as to the Plaintiff and the Class Members including, but not limited to, the following:

a. Whether Capital City unlawfully failed to pay the Class Members all overtime wages, in violation of the Ohio Minimum Fair Wage Standards Act ("OMFWSA");

b. Whether Capital City unlawfully failed to keep and maintain accurate and true records of the hours worked by the Class Members as required by applicable law; and

c. The damages sustained and the proper measure of restitution recoverable by members of the Class Members.

**b. Typicality (Rule 23(a)(3)).**

54. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, was subjected to Capital City's illegal scheme to maximize profits by depriving their employees of overtime compensation.

**c. Adequacy (Rule 23(a)(4)).**

55. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

**d. Injunctive and Declaratory Relief (Rule 23(b)(2)).**

56. Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because Capital City acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

**e. Predominance and Superiority of Class Action (Rule 23(b)(3)).**

57. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Capital City's common and uniform policies and practices illegally deprived Plaintiff and all similarly situated employees

of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Capital City's practices.

58. Plaintiff intends to send notice to all Class Members to the extent required by Rule 23.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**(on behalf of Plaintiff and the Collective Members)**

59. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

60. Captial City has a consistent enterprise-wide policy of requiring Plaintiff and the Collective Members to perform work while off the clock and failing and/or refusing to compensate Plaintiff the Collective Members at one and one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

61. At all relevant times, Plaintiff and the Collective Members were subject to Capital City's Meal Break Policy.

62. Pursuant to Capital City's Meal Break Policy, Capital City automatically deducts a thirty-minute meal break for each and every shift worked by Plaintiff and the Collective Members.

63. Capital City made this automatic 30-minute deduction from Plaintiff's and the Collective Members' pay regardless of whether they were actually permitted to take a meal break, regardless of whether they were permitted to take a full thirty-minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

64. The job demands of Plaintiff and the Collective Members routinely foreclosed their ability to take any meal break, prohibited them from taking a full thirty-minute meal break, or prohibited them being completely relieved from duty for thirty-minutes.

65. Nevertheless, Capital City automatically deducted thirty minutes from every shift worked by Plaintiff and the Collective Members thereby denying them lawful minimum and overtime wages.

66. Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

67. Capital City knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and Capital City was aware of the FLSA's minimum wage and overtime requirements. As such, Capital City's conduct constitutes a willful violation of the FLSA.

68. As a result of Capital City's failure or refusal to pay Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek, Capital City violated 29 U.S.C. § 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**COUNT TWO: OHIO MINIMUM FAIR WAGE STANDARDS ACT**
**(on behalf of Plaintiff and the Class Members who elect to opt-in)**

69. Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

70. "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at *3 (S.D. Ohio June 21, 2016) (citing *Haight*; *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp.2d 725, 732 (S.D. Ohio 2006); *Pritchard v. Dent Wizard Int'l. Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002)).

71. Capital City has a consistent enterprise-wide policy of requiring Plaintiff and the Class Members to perform work while off the clock and failing and/or refusing to compensate Plaintiff the Class Members at one and one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

72. At all relevant times and the Class Members were subject to Capital City's enterprise-wide Meal Break Policy.

73. Pursuant to Capital City's Meal Policy, Capital City automatically deducts a thirty-minute meal break for each and every shift worked by Plaintiff and the Class Members.

74. Capital City made this automatic 30-minute deduction from Plaintiff's and the Class Members' pay regardless of whether they actually permitted to take a meal break, regardless of whether they were permitted to take a full thirty-minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

75. The job demands of Plaintiff and the Class Members routinely foreclosed their ability to take any meal break, prohibited them from taking a full thirty-minute meal break, or prohibited them being completely relieved from duty for thirty-minutes.

76. Nevertheless, Capital City automatically deducted thirty minutes from every shift worked by Plaintiff and the Class Members, thereby denying them lawful minimum and overtime wages.

77. Although at this stage, Plaintiff and the Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Class Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

78. As a result of Capital City's failure or refusal to pay Plaintiff and the Class Members all minimum wages and overtime due under Ohio law, Plaintiff and the Class Members are entitled to compensation for all such unpaid wages, to be proven at trial, plus treble damages and interest, reasonable attorney's fees, and costs.

**COUNT THREE: OHIO PROMPT PAY ACT**
**(on behalf of Plaintiff and the Class Members who decline to opt-out)**

79. Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

80. During all relevant times, Capital City was covered by O.R.C. § 4113.15, and Plaintiff and the Class Members were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

81. O.R.C. § 4113.15(A) requires that Capital City pay Plaintiff and the Class Members all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

82. Section 4111.10(C) specifically states that it applies to employees seeking to "join as a party plaintiff in any civil action that is brought under this section." "Because § 4111.10(C) states it applies only to 'this section,' i.e., civil actions brought under the OMFWSA, it does not apply to Ohio's Prompt Pay Act." *Oglesby v. FedEx Ground Package Systems, Inc.*, Case No. 3:20-cv-00346 at Doc. #78, pp. 11-12 (S.D. Ohio, March 23, 2023).

83. By failing to pay Plaintiff and the Class Members all wages due to them under the FLSA, Capital City has also violated the Ohio Prompt Pay Act.

84. Plaintiff and the Class Members' unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

85. In violating Ohio law, Capital City acted willfully, without a good faith basis and with reckless disregard to Ohio law.

86. As a result of Capital City's willful violation, Plaintiff and Class Members are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

**WHEREFORE**, Plaintiff, Jordan Petty, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members' and the Class Members' favor, and against Capital City Utilities, LLC.:

A. For the Court to declare and find Capital City committed one or more of the following acts:

i. violated the minimum wage and overtime provisions of the FLSA;

ii. willfully violated the minimum wage and overtime provisions of the FLSA;

iii. violated the minimum wage and overtime provisions of the OMFWSA;

iv. willfully violated the minimum wage and overtime provisions of the OMFWSA; and

v. willfully violated the Ohio Prompt Pay Act.

B. For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff, the Collective Members and the Class Members;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award all treble damages, interest attorney fees and costs owed to Plaintiff and the Class Members;

F. For the Court to award Plaintiff's and the Class and Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G. For the Court to provide a reasonable incentive award for Plaintiff to compensate him for the time he spent attempting to recover wages for the Class and Collective Members and for the risks he took in doing so; and

H. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, the Collective Members and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED: June 23, 2026

Respectfully submitted,

By: /s/ *James L. Simon*

James L. Simon (OH#0089483)
SIMON LAW CO.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com